UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MARY R.,**

    **Plaintiff,**

v.                                                                                       Case No. 21-CV-543

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On April 19, 2022, I reversed the Social Security Commissioner's decision denying Plaintiff Mary R.'s claim for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 24.) I granted Plaintiff's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on July 19, 2022, and awarded $7,407.46 in fees. (Docket # 28.) On remand, Plaintiff appeared before an Administrative Law Judge who approved her claim for disability insurance benefits. (Docket # 29 at 1.) The Social Security Administration issued a Notice of Award letter dated September 1, 2025, stating that the Administration was withholding $33,112.50, which amounts to 25 percent of her past due benefits, to pay her attorney. (Docket # 29-1 at 5.)

Plaintiff agreed to pay her attorney 25 percent of her past-due benefits award. (Docket # 29-2.) Again, the Administration withheld $33,112.50 from her past-due benefits to pay her representative. Plaintiff's counsel, Attorney Barry A. Schultz, seeks the full amount of the funds being withheld pursuant to 42 U.S.C. § 406(b), and indicates that he will refund Plaintiff

the EAJA fees in the amount of $7,407.46 previously paid. (Docket # 29 at 2); *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("When attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant."). The Commissioner takes no position on Plaintiff's motion. (Docket # 29 at 3.)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Plaintiff entered into a 25 percent contingency fee agreement with counsel. Twenty-five percent of her total past-due benefits equals $33,112.50. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed 25 percent of the past-due benefits.

However, within the 25 percent boundary, counsel must still show that the fee sought

is reasonable. The fee of $33,112.50 for 32.5 hours of work equates to an hourly rate of approximately $1,018.85/hour. Counsel argues that other courts in this circuit have found effective hourly rates of $1,000.00/hour or more to be reasonable. (Docket # 29 at 2–3.) The cases counsel cites, however, come from the Northern District of Illinois and the Northern District of Indiana. In contrast, courts in Wisconsin have noted that "an implied hourly rate of over $1,000 per hour is very high." *Mentecki v. Colvin*, No. 14-CV-1110-PP, 2019 WL 3323874, at *2 (E.D. Wis. July 24, 2019). And as one court in this district stated, even without conducting its own survey, it "suspect[ed] that such an implied hourly fee exceeds the norm for cases in this geographic area." *Id.* In fact, multiple courts in the Western District of Wisconsin have affirmatively concluded that "absent extraordinary reasons . . . an hourly rate of more than $1,000 is unreasonable under § 406(b)." *Petitt v. Saul*, No. 18-CV-504-WMC, 2020 WL 11233371, at *1 (W.D. Wis. June 30, 2020) (citing *Heise v. Colvin*, No. 14-CV-739-JDP, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016); *Pazour v. Saul*, No. 16-cv-020-wmc (W.D. Wis. Oct. 9, 2019); *Squiller v. Berryhill*, No. 15-cv-485-wmc (W.D. Wis. Aug. 18, 2017)).

Attorney Schultz further argues, however, that the requested fee does not produce a windfall due to the "nature and quality of the briefs produced by counsel," the favorable results obtained (including over $130,000.00 in past-due benefits), and counsel's extensive experience in representing disability claimants. (Docket # 29 at 2–3.) Although I agree that an implied hourly rate of over $1,000/hour indeed exceeds the norm for cases in this geographic area, I do not find that it constitutes a windfall in this case. As an initial matter, Attorney Schultz represented Plaintiff on a contingent fee basis, which necessarily means

3

counsel assumes a risk of non-recovery if unsuccessful. Further, while this case was remanded to the Administration pursuant to a joint motion by the parties, the stipulation occurred *after* Plaintiff filed her opening brief. (Docket # 14.) Thus, the "nature and quality of the brief produced" likely contributed to the Commissioner's decision to stipulate to remand. Also, counsel obtained a favorable result for Plaintiff, who was awarded disability benefits and back benefits to March 2017. And finally, Attorney Schultz brought substantial experience to this case, having represented Social Security disability claimants since November 1980 and currently devoting 99 percent of his practice to such claims. (*Id.* at 3.) For these reasons, pursuant to *Gisbrecht*, I find the requested fee is reasonable.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 29) is hereby **GRANTED**. Attorney Barry Schultz is awarded fees in the amount of $33,112.50.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Schultz is directed to refund $7,407.46, representing fees that were previously awarded under the EAJA, directly to Plaintiff.

Dated at Milwaukee, Wisconsin this 3rd day of December, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge